UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| SALVATORE GIANDINOTO, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> CHEMIR ANALYTICAL SERVICES, INC., ) <br> et al., ) <br> ) <br> Defendants. ) | Case No. 4:07CV00094 ERW |

**<u>MEMORANDUM AND ORDER</u>**

This matter comes before the Court on Defendant Chemir Analytical Services, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [doc. #14] which was joined by Defendants Shri Thanedar, David Dowell, and John Herries in their Motion to Dismiss Plaintiff's First Amended Complaint [doc. #25].

**I.    BACKGROUND**

Salvatore Giandinoto ("Plaintiff") has brought the pending action against Chemir Analytical Services, Inc. ("Chemir"), Shri Thanedar ("Thanedar"), David Dowell ("Dowell") and John Herries ("Herries") (collectively, "Defendants"). Prior to bringing this suit, Plaintiff filed Charges of Discrimination ("Charges") on or around June 14, 2006 and August 28, 2006. In these Charges, Plaintiff alleged national origin discrimination and age discrimination. He filed these Charges with the Equal Employment Opportunity Commission ("EEOC") and the Missouri Commission on Human Rights ("MCHR"), and both agencies issued Right to Sue Letters to Plaintiff.

In his Charges, Plaintiff alleges that the discriminatory acts began on December 5, 2003 and continued until Charges were filed. These Charges were filed against Chemir or the "Chemir

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Parties" and were not specifically against the individual defendants to this suit.[1] Plaintiff was discharged on December 22, 2006, and alleges that this was in retaliation for filing Charges with the EEOC and MCHR. After being discharged, Plaintiff filed amended Charges noting his discharge.

Plaintiff filed his original complaint on January 19, 2007, and filed an amended complaint on March 9, 2007. In his amended complaint, Plaintiff brings Claims I, II, and IV against Chemir. These claims allege violations of Title VII of the Civil Rights Act and seek to recover under Missouri law for libel. Counts III and IV are brought against Defendants and allege violations of the Missouri Human Rights Act and the intentional infliction of emotional distress. Defendants filed the pending motions to dismiss.

## II.   STANDARD OF REVIEW

Defendants have filed their motions to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). Fed. R. Civ. P. 12(b)(1) is used to challenge a federal court's jurisdiction over the subject matter of the complaint. Fed. R. Civ. P. 12(b)(1). When the Court's subject matter jurisdiction is challenged, at issue is the Court's "very power to hear the case." *Osborn v. United States*, 918 F.2d 724, 730 (8th Cir. 1990). Plaintiff, as the party invoking the jurisdiction of the federal court, has the burden of establishing that the Court has the requisite subject matter jurisdiction to grant the requested relief. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). For an action to be dismissed under Rule 12(b)(1), the complaint must either be successfully challenged on the factual truthfulness of its assertions, or successfully challenged on its face. *Osborn*, 918 F.2d at 729. Before the Court today is a facial

---

[1] The individual defendants to this suit are Thanedar, Dowell and Herries. In his Charges, Plaintiff never defined who was included in the term "Chemir Parties."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

attack on subject matter jurisdiction, as Defendants have limited their challenge to the allegations in Plaintiff's Complaint. As a result, the Plaintiff is entitled to "the same protections as it would [have been given to defend] against a motion brought under Rule 12(b)(6)" and the Court will use the same standard in considering Defendants' motions under Fed. R. Civ. P. 12(b)(1) and Fed. R. Civ. P. 12(b)(6). *Id.* at 729 n.6.

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted, the Court must take all facts alleged in the complaint to be true and must construe the pleadings in the light most favorable to Plaintiff. *Chambers v. St. Luis Cty.*, 2007 WL 2230378, at *1 (8th Cir. August 6, 2007) (*citing Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995)). "While, for most types of cases, the Federal Rules eliminated the cumbersome requirement that a claimant 'set out in *detail* the facts upon which he basis his claim,' Rule 8(a)(2) still requires a 'showing' rather than a blanket assertion of entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1965 n.3 (2007) (emphasis in original) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). "[A] plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal citations and quotations omitted). While a court accepts factual allegations as true, it must "reject conclusory allegations of law and unwarranted inferences." *Silver v. H&R Block, Inc.*, 105 F.3d 394, 397 (8th Cir. 1997). Factual allegations must "raise a right to relief above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1959.

**III. DISCUSSION**

Defendants seek to have Counts I, II and III dismissed to the extent that the alleged conduct took place beyond the time encompassed by Title VII's statute of limitations and the

3

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

MHRA's jurisdictional time period. Defendants also seek to have Count III dismissed as Plaintiff's Charges did not name Thanedar, Dowell or Herries, and as no individual liability exists under the MHRA. Finally, Defendants seek the dismissal of Count IV and V, asserting that the Missouri Worker's Compensation statute is the exclusive remedy for the mental anguish, pain and suffering, and intentional infliction of emotional distress Plaintiff alleges. The Court will address each of these arguments separately.

### A. STATUTE OF LIMITATIONS AND JURISDICTIONAL TIME PERIOD

Defendants seek to have Counts I, II and III dismissed to the extent that the conduct alleged by Plaintiff occurred beyond Title VII's statute of limitations and the MHRA's jurisdictional time period. Title VII contains a 300-day statute of limitations while the MHRA provides for a 180-day statute of limitations. 42 U.S.C. § 2000e-5(e); Mo. Rev. Stat. § 213.075(1). Some of the conduct for which Plaintiff seeks to recover took place prior to these statutory periods, and Defendants argue that Plaintiff cannot recover for this conduct.

Generally, a discriminatory act that falls outside of these periods is "merely an unfortunate event in history which has no present legal consequences." *United Air Lines, Inc. v. Evans*, 431 U.S. 553, 558 (1977). However, exceptions to this general rule can be found in equity. *Pollock v. Wetterau Food Distribution Group*, 11 S.W.3d 754, 763 (Mo. Ct. App. 1999). The continuing violation theory allows Plaintiff to recover for conduct occurring prior to the statutory periods, as long as the Plaintiff "can demonstrate the act is part of an ongoing practice or pattern of discrimination by her employer." *Id.* The continuing violation theory recognizes that this claim "cannot be said to occur on any particular day. It occurs over a series of days or perhaps years." *Jensen v. Henderson*, 315 F.3d 854, 859 (8th Cir. 2002).

4

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Under this theory, "[o]nly the smallest portion of that 'practice' needs to occur within the limitations period for the claim to be timely."[2] *Jensen*, 315 F.3d at 859. To succeed under this theory, Plaintiff must establish both that "at least one act occurred within the filing period" and that "the harassment is a series of interrelated events, rather than isolated or sporadic acts of intentional discrimination." *Pollock*, 11 S.W.3d at 763. Plaintiff has made sufficient factual allegations which "raise a right to relief [based upon the continuing violation theory] above the speculative level." *Bell Atlantic Corp.*, 127 S. Ct. at 1959. Accordingly, Defendants' motion fails.

### B. FAILURE TO FILE CHARGE OF DISCRIMINATION AGAINST INDIVIDUALS

Defendants seek the dismissal of Count III as to Thanedar, Dowell and Herries as Plaintiff did not file a Charge upon any of these individuals. The Charges Plaintiff filed were against "Chemir" and "Chemir Parties," however, Plaintiff never defined these terms to include Thanedar, Dowell and Herries. The MCHR requires an individual who alleges discrimination to file a Charge, listing the names and addresses of those accused of committing the unlawful discriminatory practice.[3] Mo. Rev. Stat. 213.075. Defendants argue that Plaintiff's claims against

---

[2] Defendants assert that "discrete employment actions," such as a denial of a promotion, which occur prior to the statutory period cannot form the basis for a continuing violation. *See Stolzenburg v. Ford Motor Co.*, 143 F.3d 402, 405 (8th Cir. 1998). This is certainly correct, and the Court would dismiss any claim based on a discrete violation that falls outside of the statutory periods. However, upon review Plaintiff's Amended Complaint, the Court finds that the only discrete violation enumerated is Plaintiff's termination. Plaintiff's cause of action for his termination does not rely on the continuing violation theory. Plaintiff filed Charge No. E-8/06030713 and EEOC Charge No. 28 E-2006-09455, detailing his termination, less than two weeks after it occurred.

[3] Mo. Rev. Stat. § 213.075(1) specifically states:

Any person claiming to be aggrieved by an unlawful discriminatory practice may make, sign and file with the commission a verified complaint in writing, within one hundred eighty days of the alleged act of discrimination, which shall state the name and address of the person alleged to have committed the unlawful discriminatory

5

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Thanedar, Dowell and Herries must be dismissed as Plaintiff failed to list them in the Charges he filed with the EEOC and the MCHR.

The parties have not cited to any precedent under the Missouri Human Rights Act relating to when a person, not named in a Charge, may be sued, and the Court's inquiry has not uncovered any cases on this topic. To aid the Court in interpreting the Missouri Human Rights Act, the Court relies upon Title VII case law. Missouri courts have utilized federal Title VII case law to interpret analogous provisions in the Missouri Human Rights Act. *See Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003). After reviewing the relevant case law and statutory provisions, the Court finds that it is likely that were the Missouri Supreme Court to consider this issue, they would follow the precedent established by Title VII case law. Accordingly, the Court applies this precedent to the case at hand.

Generally, a party who is not named in an EEOC Charge is not subject to suit. *Greenwood v. Ross*, 778 F.2d 448, 450-51 (8th Cir. 1985). However, Courts recognize exceptions to this general rule "where an unnamed party has been provided with adequate knowledge of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings aimed at voluntary compliance." *Id.* at 451.[4] This exception exists "to prevent frustration of the goals of Title VII by not requiring procedural exactness in stating the charge." *Id.*

The facts presented indicate that Thanedar, Dowell and Herries were on notice of Plaintiff's Charge. These individuals were all Plaintiff's supervisors, and Thanedar is the chief

---

practice and which shall set forth the particulars thereof and such other information as may be required by the commission.

[4] The MCHR provides for voluntary early resolution, which is very similar to the conciliation proceedings authorized under the EEOC.

6

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

executive officer and owner of Chemir. Courts have frequently allowed suits against those not listed in the Charge to continue where the individuals not named in the Charge were both the plaintiff's supervisors and the individuals responsible for the alleged violations. *See, e.g., Compton v. Chinn Enters*, 936 F. Supp. 480 (N.D. Ill. 1996) (owner of business was not named, but given notice of the charge and an opportunity to participate in conciliation); *Koster v. Chase Manhattan Bank*, 554 F. Supp. 285 (S.D. NY 1983) (supervisor was person who allegedly violated Title VII and probably had notice of the administrative complaint against the employer); *Maturo v. National Graphics, Inc.*, 722 F. Supp. 916 (D.C. Conn. 1989) (supervisors were proper defendants because they both had notice of the charge, did not suffer prejudice from the lack of formal notice and their interests were substantially the same as the named respondents).

While the only name and address listed on the Charges as committing the unlawful discriminatory practice was Chemir's, the Court finds no reason to believe that Thanedar, Dowell and Herries were not on notice of these Charges. As such, dismissal of Count III is not appropriate at this juncture. However, if on a motion for summary judgment Defendants demonstrate that Thanedar, Dowell and Herries were not on notice of the charges, did not have an opportunity to conciliate,[5] or that their interests were not substantially the same as Chemir's, dismissal of Count III may be appropriate.

C.   *INDIVIDUAL LIABILITY UNDER THE MHRA*

Defendants seek the dismissal of Count III as to Thanedar, Dowell and Herries as individuals may not be liable under the MHRA. The Eighth Circuit has interpreted Missouri law

---

[5] However, the Court notes that "Defendants in Title VII actions . . . do not have a right under the statute to conciliation attempts." *Sedlacek v. Hach*, 752 F.2d 333, 336 (8th Cir. 1985). Accordingly, the mere fact that these individuals were unable to participate in conciliation is not a sufficient basis for the dismissal of Count III.

7

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

to determine that no individual liability exists under the MHRA. *Lenhardt v. Basic Institute of Technology, Inc.*, 55 F.3d 377, 379-80 (8th Cir. 1995). However, more recently, a Missouri Court of Appeals considered this question and came to the opposite conclusion. *Cooper v. Albacore Holdings, Inc.*, 204 S.W.3d 238, 244 (Mo. Ct. App. 2006). In *Cooper*, the court determined that the wording in the definition of "employer" in the MHRA was "more analogous to the FMLA definition of 'employer' rather than the Title VII definition of 'employer.'"[6] *Id.* This court determined that the legislature, in enacting the MHRA, intended to define employer in a manner "that is broader in scope than that found in Title VII." *Id.*

Title VII case law can be helpful in interpreting analogous provisions in the MHRA. *See Hammond v. Municipal Correction Institute*, 117 S.W.3d 130, 136 (Mo. Ct. App. 2003). However, where the language in the MHRA is broader in scope than the language employed in Title VII, federal case law that is contrary to the plain meaning of the MHRA is not helpful to interpreting these provisions. *See id.* "[T]he plain and unambiguous language within the definition of 'employer' under the MHRA imposes individual liability in the event of discriminatory conduct." *Brady v. Curators of the University of Missouri*, 213 S.W.3d 101, 113 (Mo. Ct. App. 2006). In the case before the Court today, Thandar, Herries and Dowell, as

---

[6] A quick review of the statutory language demonstrates the accuracy of the interpretation by the Missouri Court of Appeals.
The MRHA, at Mo. Rev. Stat. § 213.010(7), defines "employer" as:
 "[A]ny person employing six or more persons within the state, and any person directly acting in the interest of an employer."
Title VII, at 42 U.S.C. § 2000e(b), defines "employer" as:
 "[A] person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person."
The FMLA, at 29 U.S.C. § 2611(4)(A)(ii)(I), defines "employer" as:
 "[A]ny person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer."

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

Plaintiff's supervisors at Chemir, fall within the definition of 'employer' under the MHRA and may be found individually liable under the MHRA.

### D. WORKER'S COMPENSATION STATUTE PROVIDES A COMPLETE REMEDY

In Counts IV and V of his Amended Complaint, Plaintiff seeks to recover for libel and the intentional infliction of emotional distress. Defendants assert that the Missouri Workers' Compensation Statute provides Plaintiff's sole and exclusive remedy for the injuries claimed in these Counts. Defendants seek the dismissal of these claims.

The Missouri Workers' Compensation Act states that "[t]he rights and remedies herein granted to an employee shall exclude all other rights and remedies of the employee . . . at common law or otherwise, on account of such accidental injury." Mo. Rev. Stat. § 287.120(2). The Labor and Industrial Relations Committee has exclusive jurisdiction over the determination of what conduct is an "accident" falling within the jurisdiction of this statute. *Thorne v. Welk Investments, Inc.*, 197 F.3d 1205, 1212 (8th Cir. 1999); *Killian v. J & J Installers, Inc.*, 802 S.W.2d 158, 160 (Mo. banc 1991). Where the Court's "jurisdiction is in doubt, it should be resolved in favor of the [Labor and Industrial Relations Committee]." *Deckard v. O'Reilly Automotive, Inc.*, 31 S.W.3d 6, 13 (Mo. Ct. App. 2000) (overruled in part on other grounds).

The Missouri Workers' Compensation Act only bars common law suits for "those damages covered by the Law and for which compensation is made available under its provisions." *Id.* at 14; Mo. Rev. Stat. § 287.120(2). As a result, an employee may bring suit for injuries that are not comprehended by the Missouri Workers' Compensation Act. Libel is one such injury. "Injury to reputation is not the type of injury contemplated by the Workers' Compensation Law." *Deckard*, 31 S.W.3d at 15; *Gambrell v. Kansas City Chiefs Football Club, Inc.*, 562 S.W.2d 163,

9

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

165 (Mo. Ct. App. 1978). The Missouri Workers' Compensation Act does not provide a remedy for Plaintiff's claim of libel, and does not bar this cause of action.

Defendants also seek to have the Court dismiss Plaintiff's claim of intentional infliction of emotional distress. The Missouri Workers' Compensation Act does not bar suits under the MHRA, and as a result, emotional distress damages are compensable under the MHRA. *Varner v. National Super Markets, Inc.*, 94 F.3d 1209 (8th Cir. 1996); *Hardebeck v. Warner-Jenkinson Co.*, 108 F. Supp 2d 1062, 1065 (E.D. Mo. 2000). However, in Count V, Plaintiff is not seeking to recover for the intentional infliction of emotional distress under the MHRA. Rather, Plaintiff brings an this claim under the Missouri common law. Plaintiff does not "mention Title VII or the MHRA as the foundation for relief in" Count V. *Hardebeck*, 108 F. Supp 2d at 1065. "Missouri courts have held such common law claims to be barred by the exclusivity provision of the Workers' Compensation Law." *Pollock*, 11 S.W.3d at 770. Where Plaintiffs file claims under Title VII or the MHRA for the intentional infliction of emotional distress, "courts have consistently dismissed the common-law tort claims as preempted by the Missouri Workers' Compensation Act." *Hardebeck*, 108 F. Supp 2d at 1065. Count V of Plaintiff's Amended Complaint asserts a claim for the intentional infliction of emotional distress under the Missouri common law, and Count V will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Chemir Analytical Services, Inc.'s Motion to Dismiss Plaintiff's First Amended Complaint [doc. #14] and Defendants Shri Thanedar, David Dowell, and John Herries' Motion to Dismiss Plaintiff's First Amended Complaint [doc. #25] is

PDF created with FinePrint pdfFactory trial version www.pdffactory.com

**GRANTED in part** and **DENIED in part.** It is **GRANTED** in that Count V is dismissed. However, the rest of Plaintiff's claims remain before the Court.

Dated this 13th day of December, 2007.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE

PDF created with FinePrint pdfFactory trial version www.pdffactory.com